PER CURIAM.
In an application for rehearing plaintiff and appellee maintains that this Court in awarding damages to him selected the lowest bid as a proper award, but that this bid was only for repairs to the brick work and plaster and did not include the cost of repairs to the slate roof and parapet of plaintiff’s building.
The bid forming the basis of the award and damages is that of Frederick LeBlanc, in the sum of $358.75, and appears in the record as follows:
“May 13, 1948
Mr. J. R. Hayward Dear Sir:
Enclosed you will find estimates on cost of labor and materials for repair of damages claimed to have been done to your residence by storm.
Repairing brickwork on Carnish and cementing carnish, replacing flashing and slate around carnish.
Refinishing front room.
Cleaning and patching plaster, repainting.
Materials needed.
3 yards sand $12.00
200 bricks 5.00 Scaffolding 32.00
6 bags mortar mix 6.00 Flashing 27.00
3 bags Goldbond plaster 6.75 Slate 32.00
5 gals, paint 27.00 Transportation 26.00
8 bags cement 8.00 Labor 177.00
Total ' $358.75
Sincerely,
F. LeBlanc”
Plaintiff maintains the evidence of Le-Blanc, shows this estimate to have been made only upon repairs to the ibriclc work and plaster. An examination of the estimate, however, shows it includes the replacing of flashing and slate, and an estimate for slate is included, at $32.00.
Further, the record discloses that the defendants paid for repairs to the roof itself amount of $27.50, being the amount of a bill submitted to them for damages sustained to the roof as a result of the windstorm of September 18, 1947. Plaintiff in his own testimony states the leakage to the roof itself was repaired but that the damage complained of in this suit was noticed only after his return from a trip, when the whole inside wall was wet, and upon examination it was found the damage was to to the front wall of plaintiff’s residence, which had become either weakened or separated from the main roof, causing water to seep in. In other words, the damages forming the basis of this suit were those caused by the separation of the front wall from the main roof, allowing the water to get inside plaintiff’s residence. The flashing of the front wall was pulled away from the roof, and it seems the estimate upon which the Court based the award covered all of the necessary repairs for this part of the house.
Finding nothing upon re-examination of the record to change the views expressed in our original opinion, the rehearing is denied.